# Exhibit A

| STATE OF NORTH CAROLINA | File No. 18 CVS 1780 |
|---|---|
| WILSON County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| RAFAEL OLMOS GARCIA |
| Address |
| c/o POYNER SPRUILL LLP, Post Office Box 353 |
| City, State, Zip |
| Rocky Mount, NC 27802-0353 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| RISING SUN EXPRESS LLC | |
| | Date(s) Subsequent Summons(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| RISING SUN EXPRESS LLC<br>c/o Registered Agent, Herman L. McBride<br>1003 South Main Street<br>Jackson Center, OH 45334 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued 12/21/18 | Time 1:42 ☐ AM ☒ PM |
|---|---|---|
| J. Nicholas Ellis<br>POYNER SPRUILL LLP<br>Post Office Box 353<br>Rocky Mount, NC 27802-0353 | Signature [signed]<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM<br>☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
                                        SUPERIOR COURT DIVISION
COUNTY OF WILSON                              18 CVS 1780

RAFAEL OLMOS GARCIA,

        Plaintiff,

vs.                                           **COMPLAINT**
                                         (JURY TRIAL DEMANDED)
RISING SUN EXPRESS LLC,

        Defendant.

Plaintiff Rafael Olmos Garcia ("Plaintiff"), by and through the undersigned counsel, complaining of Defendant Rising Sun Express LLC ("Defendant"), hereby alleges and says the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Wilson County, North Carolina.

2. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Ohio, conducting business in the State of North Carolina and, specifically, Wilson County, North Carolina.

3. Defendant is engaged in substantial, continuous, and systematic business contact with the State of North Carolina, and not isolated activity within the State, such that Defendant is subject to the jurisdiction of this Court.

4. Plaintiff has filed this action for personal injuries and damages arising out of an act or omission by Defendant within this State such that Defendant is subject to the jurisdiction of this Court pursuant to N.C.G.S. § 1-75.4.

5. Plaintiff has alleged an amount in controversy exceeding $25,000.00 such that this Court has jurisdiction over the subject matter of this action pursuant to N.C.G.S. §§ 7A-240, -243.

6. Plaintiff's cause of action arose in Wilson County, North Carolina, where Plaintiff also resides and did so at the commencement of this action, such that venue is proper in this Court pursuant to N.C.G.S. §§ 1-80, -82.

## FACTUAL ALLEGATIONS

7. Plaintiff re-asserts and incorporates by reference the allegations contained in all preceding Paragraphs as if set out fully again here.

8. At all times relevant hereto, Plaintiff was an employee of Budd Workforce Solutions, LLC, providing production support services to Bridgestone-Firestone, and acting within the course and scope of his employment as a forklift operator at the Bridgestone-Firestone tire production plant in the City of Wilson, Wilson County, North Carolina (the "Bridgestone Plant").

9. At all times relevant hereto, upon information and belief, Defendant was, among other things, in the business of transporting cargo from the Bridgestone Plant to one or more off-site locations.

10. At all times relevant hereto, upon information and belief, Defendant undertook to transport rubber debris (the "Cargo") from the Bridgestone Plant to an off-site location.

11. At all times relevant hereto, upon information and belief, Defendant hired, employed, retained, and/or contracted with a driver (the "Driver") for the purpose of transporting

the Cargo in a trailer owned by Defendant and identified as "RSE 5094" (the "Trailer") from the Bridgestone Plant to an off-site location.

12. At all times relevant hereto, upon information and belief, Driver operated the Trailer, including its landing gear, landing support systems, and all components thereof, under the direction, control, supervision, on behalf and/or for the benefit of Defendant.

13. At all times relevant hereto, upon information and belief, Driver was acting as an agent, apparent agent, servant, employee, and/or representative of Defendant.

14. All acts and omissions of Driver are imputed to Defendant by operation of law.

15. On August 25, 2016, Driver arrived at the Bridgestone Plant and backed the Trailer to a loading dock from which the Cargo was to be loaded. Once backed up to the loading dock, Driver lowered the landing gear, disconnected the Trailer from the tractor, and left the Bridgestone Plant in the tractor, in a bobtail condition.

16. Using a forklift, Plaintiff proceeded to load the Cargo into the Trailer at the loading dock. While Plaintiff was inside the Trailer on the forklift loading the Cargo, the landing gear on the Trailer collapsed, causing the Trailer to tilt suddenly to one side, causing the forklift to fall in the same direction, and causing serious injuries to Plaintiff.

## CLAIM FOR RELIEF
(NEGLIGENCE)

17. Plaintiff re-asserts and incorporates by reference the allegations contained in all preceding Paragraphs as if set out fully again here.

18. At all times relevant hereto, Defendant was negligent in one or more of the following ways:

a. Defendant failed to properly inspect the landing gear, the landing support systems, and/or the components thereof on the Trailer.

b. Defendant failed to properly maintain the landing gear, the landing support systems, and/or the components thereof on the Trailer.

c. Defendant failed to properly repair the landing gear, the landing support systems, and/or the components thereof on the Trailer when Defendant knew, or in the exercise of reasonable care should have known, that such landing gear, landing support systems, and/or components thereof were defective.

d. Defendant failed to provide, establish, and/or follow proper and adequate controls so as to ensure the safe operation of the landing gear, the landing support systems, and/or the components thereof on the Trailer.

e. Defendant failed to properly advise, inform, train, instruct, direct, and/or supervise Driver with respect to the safe operation of the landing gear, the landing support systems, and/or the components thereof on the Trailer.

f. Defendant failed to take reasonable precautions or exercise ordinary care to ensure Driver had proper training, education, experience, and judgment to safely operate the landing gear, the landing support systems, and/or the components thereof on the Trailer.

g. Defendant failed to take reasonable precautions or exercise ordinary care for the safety and protection of those loading the Trailer, including Plaintiff.

h.  Defendant was negligent in such other ways as may be proven through discovery and at trial.

19.  As a direct and proximate result of Defendant's negligence and the incident described herein, Plaintiff sustained serious, painful, and permanent bodily injuries, incurred medical expenses, and suffered other damages, all of which were reasonably foreseeable in light of Defendant's negligence, and all of which may continue into the future.

20.  As a direct and proximate result of Defendant's negligence and the incident described herein, Plaintiff is entitled to recover from Defendant damages in an amount in excess of $25,000.00.

## DEMAND FOR JURY TRIAL

21.  Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully prays to the Court as follows:

1.  That Plaintiff have and recover from Defendant damages in an amount to be proven at trial.

2.  That Plaintiff have and recover its costs incurred in prosecuting this action, including reasonable attorney's fees as allowed by law.

3.  That Plaintiff have a trial by jury on all issues so triable.

4.  That the Court grant Plaintiff such other and further relief as it deems just and proper.

This the 18th day of DECEMBER, 2018.

**THOMAS LAW PA**

By: _____
Albert S. Thomas, Jr.
N.C. State Bar No. 6884
al@thomaslawnc.com
104 Nash Street NW
Wilson, NC 27893
Tel: 252.243.3000
Fax: 919.243.0606
*Attorneys for Plaintiff*


**POYNER SPRUILL LLP**

By: _____
J. Nicholas Ellis
N.C. State Bar No. 13484
jnellis@poynerspruill.com
Post Office Box 353
Rocky Mount, NC 27802-0353
Tel: 252.446.2341
Fax: 919.783.1075
*Attorneys for Plaintiff*